# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MINERVA RUIZ o/b/o K.L. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-608 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                                   February 12, 2008

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 9), defendant's response and the reply thereto (Doc. No. 12 & 14), the court makes the following findings and conclusions:

1.  On January 23, 2006, Minerva Ruiz ("Ruiz"), on behalf of K.L., protectively filed for child supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging an onset date of January 23, 2005.[1]  (Tr. 61-63; 76). Throughout the administrative process, including an administrative hearing held on March 22, 2007 before an ALJ, Ruiz's claims were denied.  (Tr. 4-7; 11-29; 33-36; 182-199).  Pursuant to 42 U.S.C. § 405(g), Ruiz filed her complaint in this court on February 8, 2008.

2.  In his March 30, 2007 decision, the ALJ concluded, *inter alia*, that K.L. had severe attention deficit hyperactivity disorder ("ADHD") but that her impairments did not meet, medically equal or functionally equal an impairment.  (Tr. 20 Finding 3; 21 Findings 4 & 5). Specifically, the ALJ found that K.L. had less than marked limitations in each of the six domains of functioning.  (23 ¶ 1 - 29 ¶ 2).[2]  Therefore, the ALJ concluded that K.L. was not disabled.  (Tr. 18 ¶ 2; 29 Finding 6).

3.  The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence.  Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v.

---

[1] At the time of the hearing, K.L. was eleven years old.  (Tr. 185).

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4. Ruiz contends that K.L. functionally equals listing 112.11 (ADHD) because she has marked limitations in the domains of "Interacting and Relating with Others" and "Attending and Completing Tasks" and that the ALJ erred by finding otherwise.  Ruiz's arguments are addressed below.  However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

    A. Ruiz argues that the ALJ erred by discounting the credibility of her statements, and that, if properly credited, the ALJ would have found that K.L. had marked limitations in the domains of "Interacting and Relating with Others" and "Attending and Completing Tasks."  In concluding that K.L. had a less than marked limitation in the domain of "Interacting and Relating with Others", the ALJ relied on, *inter alia*, the findings of Sidney D. Segal, Ed. D., a state agency psychologist, and the teacher questionnaire filled out by K.L.'s teacher, Heather Heilman.  (Tr. 26 ¶¶ 2-3; 92; 140).  These are both proper sources upon which the ALJ could rely.  See 20 C.F.R. § 416.927(f)(2)(i); 20 C.F.R. § 416.924a(a)(2)(iii).  No physician found that K.L. had a marked limitation in this domain.  The ALJ also discussed Ruiz's testimony and her statements to Loren Laviolett, Ed. D. regarding K.L.'s fighting and behavior problems and how much of this evidence was contradicted by other statements from Ruiz or other evidence.  (Tr. 26 ¶¶ 2-3).  As a result, I find that the ALJ's conclusion that K.L. did not have a marked limitation in this domain was well documented and supported by substantial evidence.

    In determining that K.L. had less than a marked limitation in the domain of "Attending and Completing Tasks", the ALJ commented that Dr. Segal, to whom he gave "significant weight", also concluded that she had a less than marked limitation in this domain.  (Tr. 25 ¶ 2; 29 ¶ 3).  The ALJ incorrectly reported Dr. Segal's finding as Dr. Segal actually concluded that K.L. *did* have a marked limitation in the domain of "Attending and Completing Tasks."  (Tr. 140).  For the sake of argument, I will assume that K.L. had a marked limitation in the domain of  "Attending and Completing Tasks."  This mistake does not warrant a remand, however, because as discussed above, the ALJ's conclusion that K.L. had a less than marked limitation in the domain of "Interacting and Relating with Others" is supported by substantial evidence.  20 C.F.R. § 416.926a(d) (providing that in order to functionally equal a listing, a claimant must establish marked limitations in at least two domains of functioning).

    B. Ruiz also claims that the ALJ erred by failing to specifically discuss certain notes from Nueva Vida Behavioral Health Center and a GAF score of 50 assigned by Dr. Laviolette in her disability evaluation.  Ruiz apparently failed to realize that the relevant notes from Nueva Vida were not presented to the ALJ but only to the Appeals Council.  (Tr. 144-

81). When a claimant seeks to rely on evidence that was not before the ALJ, the district court may remand to the Commissioner, but only if: (1) the evidence is "new and not merely cumulative of what is already in the record" and (2) material; and (3) the claimant shows that there was good cause for not previously presenting the evidence to the ALJ. Szubak v. Sec. of Health and Human Servs., 745 F.2d 831, 833 (3d Cir. 1984); 42 U.S.C. § 405(g); Fisher v. Massanari, 28 Fed. Appx. 158, 159 (3d Cir. 2002) (citing Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001)). The relevant Nueva Vida notes were not new as they existed and were available prior to the ALJ's hearing and decision. Moreover, Ruiz has not attempted to show good cause, even after the issue arose in defendant's brief. Thus, I cannot consider the Nueva Vida notes and they cannot be grounds for a remand. While the ALJ did not cite the 50 GAF score assigned by Dr. Laviolette, it is readily evident that he considered her disability evaluation as it is mentioned many times in his decision (and in several instances the ALJ noted a lack of records supporting Dr. Laviolette's conclusions). See (Tr. 21 ¶ 1; 24 ¶ 1; 25 ¶ 2; 26 ¶ 2; 27 ¶ 3; 28 ¶ 3; 29 ¶¶ 1, 3). Moreover, "A written evaluation of every piece of evidence is not required, as long as the ALJ articulates at some minimum level her analysis of a particular line of evidence." Phillips v. Barnhart, 91 Fed. Appx. 775, 780, n. 7 (3d Cir. 2004) (citing Green v. Shalala, 51 F.3d 96, 101 (7th Cir.1995)). I find that the ALJ sufficiently discussed Dr. Laviolette's report and it is apparent from his decision that he found her report persuasive on some issues but not on others. Thus, the ALJ's failure to discuss this particular GAF score is not fatal to his decision.[3]

      5.      Upon due consideration of all of the arguments and evidence, I find that the ALJ's conclusions are supported by substantial evidence and legally sufficient. As a result, Ruiz's request for relief must be denied and the decision must be affirmed.

      An appropriate Order follows.

---

[3] One could surmise that the ALJ accepted the 60 GAF score, which he did discuss, over Dr. Laviolette's 50 GAF score due to the issues he mentioned regarding her report. (Tr. 20 ¶¶ 3-4).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MINERVA RUIZ o/b/o K.L. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-608 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 12th day of February, 2009, upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 9), defendant's response and the reply thereto (Doc. No. 12 & 14), and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

\_\_S/ Lowell A. Reed, Jr._____
LOWELL A. REED, JR., Sr. J.